case number 25-3340 Randy Thomas versus Cynthia Davis oral argument not to exceed 15 minutes per side Kyle Hutnick for the appellant you may proceed Good morning your honors my name is Kyle Hutnick and I along with my co-counsel Muna Abdalla represent the petitioner appellant in this matter Mr. Randy Thomas we would like to reserve two minutes for rebuttal your honors this case concerns a jury's question about the meaning of the term at fault and their jury instructions about mr. Thomas's self-defense claim the trial court answered their question without telling any of the parties and outside of the presence of them and their counsel the trial court refused to the state of the record on whether he was there or his lawyer was there your honor on direct appeal to the 9th district the record was silent as to whether mr. Thomas or his counsel were present the 9th district said that because the record didn't show whether counsel was present and they weren't on the record in open court that they couldn't determine either way whether mr. Thomas or his counsel were present then in in his post conviction motion he cured that defect by attaching an affidavit that said he definitively was not present when the when the judge received that question was that kind of late to be supplementing the record no your honor what it what it what the record suggests is that mr. Thomas and his counsel were not aware that the question that the jury ever even asked the trial judge that question because it the they never went on the record and counsel just wasn't present so I mean but the affidavit didn't speak to whether counsel was present is that true that's correct only spoke to mr. Thomas himself that's correct your honor so that's not part of the record before us that his counsel was not there that's correct there is nothing in the record that definitively says that mr. Thomas's counsel wasn't there a few things though the district court in the district court below judge Calabrese made findings of fact that mr. Thomas and his counsel both were not present and mr. Thomas's affidavit can't speak to whether his counsel was present because mr. Thomas can't speak on behalf of his counsel I mean no none of his counsel at any point in the state court proceedings address that factual question whether the lawyer had been present at all that's correct your honor there's there's nothing in the record the record is completely silent on whether counsel was present the ninth district read into that basically asked mr. Thomas to prove a negative and because he it's impossible for him to do so they denied that assignment of air but but the claim so is that why the claim it seems to me the claim here is that he wasn't present it's not strictly speaking a chronic claim that his lawyer wasn't present is that right that's correct your honor but the questions that the district court certified for appeal involve both mr. Thomas and his counsel but I don't see that in the I'm not sure I see that independent claim in so it's claims 4 and 13 or something in the petition right that's correct those seem to go to his presence not his lawyers present presence and I understand I mean it's a technical question but it goes directly to whether it's a structural error you know whether it's a kind of Snyder stint sir problem only I mean that's what I'm getting at I just don't see the claim that my lawyer wasn't there I only see I wasn't there yeah that's correct your honor and this court doesn't have to answer the question of whether his counsel was present you can look only at whether mr. Thomas himself was present and under under chronic that is structural error but chronic dealt with whether an attorney was there or not not whether the defendant was there and it's it seems to me there's a separate line of cases on whether the defendant is there and what Cardozo says you know is a useless basically is a useful or not I mean we would get into that wouldn't we no not necessarily your honor and United States versus chronic the holding can be read as as saying that the absence of a party at a critical stage of trial is a structural error that doesn't require applying the harmless error test and in fact this court has held multiple times that applying harmless error to a structural error is unreasonable and incorrect I mean if it's structural I mean we have Russian we have suggesting that it's subject to harmlessness we've got our own cases that say that it's subject to harmlessness I think judge Larson wrote a recent opinion on that or at least mentioned that I mean aren't we just bound by that no your honor the difference between between all of the cases that you just cited is they're they're all involving different things none of those cases involve a substantive question from the jury about the actual instructions that that they were given so this case does present that fact pattern the jury was instructed with standard Ohio jury instructions about mr. Thomas's self defense claim what they were not provided with is any instructions about the non deadly aggressor doctrine under state versus Hendrickson as the ninth district dissent noted judge Carr even though the non deadly aggressor doctrine is not in the standard jury instructions it is well developed under Ohio law the jury was essentially doing exactly what we want them to do they were reading their instructions there's two things going on here I guess one this argument is about whether I suppose it goes to whether it's a critical stage and let's say I agree with you it seems pretty critical the jury comes back and says hey we're not sure the guy's guilty essentially you know help us out that seems pretty critical to me but even if it is critical that's what I'm getting at I don't see why I'm not sure I'm seeing that it's structural like it doesn't seem like it's a QED it's critical therefore it's structural and I'm going back to these cases that just involve whether the defendant is present or not they don't seem to treat that error even if it's a critical stage as structural so Snyder, Stencer right weren't you know in Stencer wasn't that hearing a critical stage that competency hearing and the question was whether the defendant should be present or not and it was subject to a harmlessness analysis right that that's correct your honor but it still is a because it's a different stage of trial that that's the difference this court has recognized or excuse me the u.s. why does that difference matter you know I mean why isn't the fact that it's a defendant defendant presence only case the more important fact the United States Supreme Court in Philippon versus Albion and the Ninth Circuit in Musladeen versus Lamarck both recognized the the foundational importance when the jury is charged with their instructions and they're deliberating that is essentially the most important part of trial as the US Supreme Court recognized in Philippon that is that is a moment where there's so much room for error that is your honor what makes it I mean but as a practical matter what is the defendant going to add to that conversation about the meaning of fault as used in the jury instruction it seems to me the answer is not much whereas his counsel on the other hand could make a big difference but we don't have any evidence of him being as to whether the counsel him or her were present so I mean why is this structural particularly given that the defendant himself is highly unlikely to have anything useful to say about an instructional question from the jury your honor the mr. Thomas could have presented the the doctrine of non-deadly aggressor under Ohio law and state versus Hendrickson I mean it seems like a fiction to me to be honest just you know I want to give you a chance to respond that seems like a fiction to me as a practical matter and you know normally we don't employ fictions we do we base our you know judgments doctrinal decision based on things that comport with reality and so why would we treat this as structural sure that that's fair your honor but the defendant has a constitutional right to be present at all critical stages of trial regardless of whether true that that's you know there are meant there are many constitutional rights whose violation is subject to a harmlessness analysis that's correct your honor none of them are as significant as the violation in this case and again are you arguing it's structural no you're not arguing all jury questions would be structural that's correct your honor many of them are not because of this particular jury instruction it's structural that's correct because this question went directly to the substance of mr. Thomas's self-defense claim there are plenty of examples kind of authority do you have for that kind of a claim that being structural I'm sorry you just have the chronic kind of claim of authority you don't have any authority involving an individual not being present that the defendant not being present it's always his counsel not being present that it's structural that that's correct your honor they they both are under the the same constitutional right yeah the what what judge Kethledge was asking about practically speaking would mr. Thomas's presence have made a difference we believe yes because there is a constitutional right for him to be present and what we're asking for is not a tremendous burden on trial courts it the only thing that we're asking for is if the jury has a substantive question about their instructions you should the the trial judge should answer that question in the presence of counsel and the defendant that's not a tremendous burden this court has repeatedly recognized in the cases that are cited on page 23 of our brief that that is that that's a perfectly reasonable thing to do in cases like Kaver and French vs. Jones in fact it's unreasonable to not do so so that one thing that I want to point out is that the district court in this case agreed with with mr. Thomas that the jury's question was a critical stage of trial and the Ninth District incorrectly applied the harmless error analysis to that critical stage where the case turns is in the the last paragraph of Judge Calabrese's decision where he says that even though the Ninth District's harmless error test wasn't unreasonably incorrect that is directly contrary to the cases cited on page 23 of our brief Kaver vs. Straub in French vs. Jones where we we have a string site with italics where this court has said that applying the harmless error test to a structural error in this court's own words is unreasonable had the district court below looked at those cases it should have reached a different conclusion and its conclusion should have been that the Ninth District's opinion was not only incorrect but it was also unreasonable I want to ask you one question during your initial presentation here so your friend can respond to it the I mean we review the decision of the state court in these cases not so much the reasoning and I'm kind of struggling to see how so as you know 2254 if you're making a claim that the state court unreasonably applied the law then you have to point to a Supreme Court precedent that would have made clear to any fair-minded jurist that a particular proposition was wrong and here here you're saying that the that that when the jury sends this question to the judge that this is a critical stage your friend makes the point that the judge chose not to supplement or really to answer the jury's question and the judge basically just says you all figure it out collectively yourself and I mean if if the judge had supplemented and said okay fall under this one doctrine means thus and so that's one thing but what Supreme Court authority would you point to for the proposition that when a judge effectively chooses not to give a substantive answer to a jury question then that too is a critical phase now I understand you can make arguments as to why it is you know it's like hey you should have answered and you should have given the answer we want I mean I understand this is a really important phase but you know it's a tough habeas standard and so what Supreme Court authority would you point to that that makes obvious to the state courts that that would make obvious to them that this is a critical stage not withstanding the sort of non-answer so it's a long question but you know I I under a large foundation yeah your honor the the Supreme Court president is United States versus chronic as this court said in caver there is and the will tell you that there is no US Supreme Court case that flatly deals with this exact set of facts but this court in and in caver reach the same conclusion so under under this courts precedent in caver going back to the US Supreme Court's precedent and chronic all of those read together are clear as this court has said multiple times the defendant has a right to be present at critical stages of trial which includes the jury's substantive question about their instructions okay well you'll have your rebuttal and hear from the state thank you your honors and may it please the court my name is Andrew Lindholm and I represent the warden in order to receive habeas relief mr. Thomas has to show that the state appellate courts disposition of his right to presence claim ran contrary to or was an unreasonable application of Supreme Court precedent and there is none and he cannot do so to start there is no Supreme Court precedent on constitutional error in this issue and furthermore this courts jurisprudence shows that the error in this this was not error furthermore this is a case where harmlessness does apply the state appellate court correctly applied harmlessness analysis and its analysis was not contrary to Supreme Court precedent so why don't you start at the top in that series of issues sure with constitutional error your honor yeah so your honors again as you asked my friend on the other side this starts this starts with 2254 d1 there is no Supreme Court precedent is that I don't the court of the last reasoned opinion or whatever from the Court of Appeals assumed that it was an error and applied harmlessness right there's no state court finding that it's no state court has ever said it wasn't an error right well your honor the trial court did say it wasn't error in two sentences it said there's no right to presence next trial court the state trial court in post conviction said that there was it applied an Ohio Supreme Court case but the last last reason opinion or whatever is I'm not asking about the trial I'm hearing the last reasoned opinion which is the Court of Appeals and the Court of Appeals says we assume this is an error and we apply harmlessness it wasn't so what do we are we deferring under EDPA or not your honor I think under Harrington because this was a decision on the merits that a deference does apply this would what the state appellate court did to the merits to the question of whether it was an error or not or whether this was a critical stage or not I it the state decision receives deference and so because the state appellate court reached the decision on the merits at the deference applies that's contrary to say like a procedural disposition you're saying the Court of Appeals decision on the merits said there was no error no your honor what I'm saying is that the Court of Appeals reached the issue on the merits and said that on the merits the petitioner cannot receive relief and that receives deference I reached the claim this specific issue he's talking about they didn't reach it did it it assumed without deciding error and went straight to prejudice that's correct yeah I know that what I'm asking is are we deferring to whether this was a critical stage or not it seems pretty critical to me like if I were a trial lawyer and the judge and the jury said hey your guy might not be guilty what's on and the judge decides and okay fine he says okay go back and just I'm not telling you anymore but that is a decision in and of itself that perhaps I could have said to the judge hey I don't think that we should tell them to go back I think we should say there's this doctrine where if somebody escalates you know we reset right it seems pretty critical to me but maybe not I don't know but so it's pretty important whether this we're deferring or not to this critical stage finding well so your honor again I would say that under Harrington the the decision receives deference but even if we look to even if we look fresh without any deference there is this is not a critical stage and there is no error in the in the courts interaction with the jury this when as you had pointed out stints er that looks to whether or not the defendant has the ability the substantial ability to defend himself in a critical stage and this court has noted that not necessarily instructing the jury is instructing the jury isn't necessarily a critical stage for instance if there is a conference on instructions where counsel is present then reading the instructions isn't a critical stage it's different when the jury themselves comes back and says we have a question about the core issue and the guys you know affirmative defense sure and I think the the critical part of this issue is is rather than looking to just the question you look to the jury's question and the court's response that's what this court has done time and again it looked to what the jury said and it looked to the court's response and if we look to cases like Hudson and Bricka and Zacharias you see that the court this court looked to what the jury asked and how the court responded is it your position that as long as the judge doesn't give any kind of substantive response doesn't matter what the question is from the jury it's always going to be it's not it's not going to be a critical stage I think that tilts very heavily in our favor yes and I would point out and so in Van Judge Boggs noted that it's hard to discern what a critical stage is without discerning the impact of the jury's question and answer so you kind of have to look at the question and the answer so in this case if the jury had asked do you think self-defense applies the court could say if the court answered that's not my job that's your job I don't think that's a critical stage but I think but why couldn't the judge and insulate every potential problem with critical stage by just saying go back and look at the instructions I mean that can't be right right I mean if the judge comes in and said I mean I shouldn't somebody have some input on there are some questions I say some jury questions where I think the lawyers ought to have some input now whether the defendant alone if for some reason we have this fiction where it's just the defendant in the courtroom I don't know what's going on with that but surely there are questions there are just simply questions where the lawyer ought to have some input and to that there there is the whole jury instruction phase where the in this case the defendant wanted the self-defense instruction and provided it but I think that again rehashing my answer a bit the trial court's answer is very relevant and this speaks to more to prejudice when I answer your question but if we look to this court's decision in Harris that's from 1993 and it's a federal case I get that but the jury question was eerily similar it asked about an entrapment defense we're confused about entrapment and that's what all the trial court did was give back the instructions and that was harmless so we I'm sorry what's your response to Mr. Hutnick's counter answer to my question his his assertion that chronic would make clear to every fair-minded jurist that frankly you're wrong about the critical nature of the situation once the question is asked or you know looking at I mean that's that setting aside that the state court just assumed without reaching this issue if if the question is whether the Supreme Court's precedent makes clear that this is critical as soon as the question gets asked it's a critical stage everything comes online the defendants got to be there I'm not so sure the counsel issues really before us your your friend says that chronic makes clear it's a critical stage at that moment what's your response to that your honor chronic deals with probation of counsel it does not deal with defendants presence it does not speak to the issue in this case really is there daylight between what a critical stage is for purposes of an attorney being there versus the defendant don't they just overlap completely or is it not your honor there there there there might be there might not be there really just hasn't been Supreme Court discussions on this issue and I think that but logically why would there be a difference well counsel and defendants have different roles within court I so there there could be there could be some way that gets factored in to if we get to the Snyder stints or question about would you have contributed anything meaningful I mean that's all part of whether it's an error or not but if I'm just separating the air question into two pieces one is it a critical stage to if it's just the defendant would you have added anything to the mix the critical stage part of it why that just seems like that's chronic what why is there not overlap there I understand the harmlessness okay fine the attorney yes there would be some divergence there whether you need an attorney there or not or I mean I could see to judge Ketledge's point yes you need an attorney there he's gonna know the instruction the subtleties about Ohio self-defense law the defendants not gonna you know we can't expect that that's gonna happen but at the critical stage part of this why is that not just that chronic or whatever well your honor if I if there is a difference I would hope there'd be a different term because using the same term would probably lead to some confusion but I think with with the defendants right to be present courts have looked and have always looked to whether the presence of counsel was there or not whether counsel could have aided in in the defense and jury instructions the in cases like McKinney that you know the the the defendant was not present at the jury instruction conference but was what was present when the when the court read the instructions out loud so these are different phases that without counsel could have been critical for purposes of chronic but were mitigated by the presence of counsel and so I get where you're coming from with the well don't they mean the same thing there's considerable overlap but there's not that's not dispositive in this case because again whether under stints or you look to the effect for critical error but cases like Russian and this court's case in Bourne have pretty squarely held that right to presence claims are analyzed for harmlessness the general rule with the Supreme Court is that constitutional questions are reviewed under harmlessness and with the Supreme Court's definition of what all counts as structural error this is not of the sort that the Supreme Court has laid out chronic dealt with deprivation of counsel there is absolutely nothing in the record that speaks to counsel's presence or counsel's consultation the only thing in the record is mr. Thomas's affidavit but that does not speak to counsel and if we're really reading into that note we could infer that counsel was aware of the questions because it wasn't that I wasn't present nor was counsel it was I wasn't present and my lawyer didn't tell me what the questions were now let's assume we are looking at this for harmlessness yes what's what's your strongest point here as to why this is harmless there's no indication what any what defendants presence would have added if he had raised an objection if he had added if he had raised the my friend called it the non-aggressor doctrine that doctrines simply not well established in Ohio if I think they're arguing that this Hendrickson case would have played into it your honor courts in Ohio and again I am hesitant to wade into the Ohio Court of Appeals and areas of criminal law because it can be a bit of a mess but here the the answer is pretty uniform and if you if you look to their brief they'll say paragraph 61 that's a concurrence that favors us but if you look to recent cases state versus Bender self-defense is not available where the defendant was partially at fault you look to state versus Patterson a defendant may not provoke an assault or voluntarily enter a confrontation so is it your position I think the question was if he was like 10% at all yes would that be could he not nonetheless be acquitted right that's your position is that if he's 10% at fault under state law that that that would be enough for a conviction yes your honor that's that reflects decades of so is your is it your position that the defendant was better off with the judge not saying anything than if the judge had actually answered the question candidly yes if again the the Ohio Court of Appeals cases generally on this for the for the last several decades have concluded that you can't be partially at fault and then claim self-defense if we look to Hendrickson courts have not really adopted Hendrickson the body of Kate of reasoning within Hendrickson cites to a treatise it does not cite prior Ohio case law so if mr. Thomas really wanted the judge to answer that question there's no indication he would have adopted and then the non deadly aggressor doctrine that and is there anything in the record prior to your discussion today of actually answering that jury question is there anything in the record where anyone ever briefed or argued what the answer to that jury question was there was I know with how the trial court actually answered or how the trial court should have answered I think there was some briefing maybe on the federal side but on the in the state court that was a problem that I just didn't I didn't see no it was I'm just wondering if there's anything in there and it was actually ever answered in a separate assignment of error on direct appeal mr. Thomas challenged that the response was that the judge's response was vague but didn't give any sort of indication as to what the proper response should have been and so the trial court or I'm sorry the appellate court didn't didn't write that in for him it cited its procedural rules and it might be the record here really wasn't geared toward harmlessness and it's sort of swinging for the fences about structure there's some I would the record does is very scant on this and I see my time has expired okay yeah all right thank you for your arguments we're gonna hear rebuttal may please the court your honors the government tried to point to the judge's response to the jury's question to suggest that the harmless error test is appropriate however this court has said in Robinson and verse and in Valentine that it's the substance of the jury's question that determines whether or not this is a critical stage of trial because as courts have recognized substantive questions from the jury are inherently critical to the integrity of a trial the cases that the government cited also Harris Russian and born are also easily fact distinguishable on their facts in Harris the jury asked for a written copy of the trial materials the in all of those cases they asked for things that were already answerable in the record and the trial court judge pointed them back to where the answer was located it decisively answered their question that's different from this case where the jury needed a gap filler they read the response they read their jury instructions saw a gap there and they needed the trial judge to to give them some more substance we're talking about harmlessness and it seems like there's two different kinds of harmlessness here there's the Brecht kind of traditional harmless or is it structural I think there's also built into Snyder and Stints are kind of a harmlessness which is would the defendants presence have made any difference there seems to be two layers do you agree with that um regardless your honor that's not the standard that applies here so no I wouldn't agree with that we don't think that this court should reach that decision because straight chronic if it's a critical stage then we don't ask whether the defendant would have added any value or not it's just a structural where and that's it that's correct the ninth district below did apply Brecht but they wrongly applied Brecht they read into Brecht some requirement that the defendant show that the outcome would have been different that's not the Brecht standard okay thank you thank you your honors okay thank you for your